IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                Plaintiff,                          ORDER

        v.                                        09-cv-314-bbc

DR. SULIENE, RICK RAEMISCH, S. SITZMAN,
L. ALSUM, JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5,
JOHN DOE 6, JOHN DOE 7, JOHN DOE 8,
JOHN DOE 9, JOHN DOE 10, JOHN DOE 11
and JOHN DOE 12,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary, declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983, in which plaintiff Luis Ramirez has been granted leave to proceed on his claim that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The parties are currently briefing plaintiff's motion for preliminary injunctive relief. Now defendants have filed a motion for an extension of time to file their brief in opposition to plaintiff's motion. Their brief is due August 18, 2009, but because plaintiff has not returned a signed medical information release authorization, they

1

argue that they should be granted 15 days from the return of the authorization in which to file their opposition materials.

I see no reason to place such an open-ended deadline on the preliminary injunction motion briefing, particularly when such a ruling might not resolve the authorization issue, which affects not only the motion but this entire litigation. It is unclear how defendants can mount a case-in-chief without some access to plaintiff's medical records. At the same time, plaintiff may have legitimate reasons for not signing the authorization—perhaps he believes it covers too long of a time period or allows defendants access to sensitive or embarrassing medical information that is irrelevant to the case. The most prudent course of action is to stay briefing on the preliminary injunction motion and give plaintiff a chance to respond on the authorization issue. Plaintiff should be aware that this court will not force him to sign a medical release, but if he is unwilling to release relevant medical information to defendants, it is likely that the case will have to be dismissed.

Accordingly, IT IS ORDERED that briefing on plaintiff's motion for preliminary injunctive relief is STAYED pending resolution of the medical information authorization issue. Plaintiff has until August 14, 2009 to either return a signed authorization form or submit a brief to the court explaining why he will not sign it. Defendants will have until

2

August 21, 2009 to file a response.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3