IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                    Plaintiff,                        OPINION AND ORDER

           v.                                 09-cv-314-bbc

DR. SULIENE, RICK RAEMISCH, S. SITZMAN,
L. ALSUM, JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5,
JOHN DOE 6, JOHN DOE 7, JOHN DOE 8,
JOHN DOE 9, JOHN DOE 10, JOHN DOE 11
and JOHN DOE 12,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Luis Ramirez, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has moved for a preliminary injunction on his claim that defendants Dr. Suliene, Rick Raemisch, S. Sitzman, L. Alsum and John Does 1 through 12 acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Dkt. #16. As relief, he asks that he be taken off the medication Tramadol because it has life-threatening side effects, be placed on Methadone or another effective pain medication and referred to a neurologist and pain specialist.

1

On July 31, 2009, I stayed briefing on plaintiff's motion for preliminary injunctive relief until he either returned a signed medical information release form or filed a brief with the court explaining why he will not sign it.  Dkt. #23.  On August 7, 2009, plaintiff responded that the authorization allows defendants access to sensitive and embarrassing medical information that is irrelevant to this case.  Dkt. #24.  Attached to the response is a signed copy of an authorization form that plaintiff limited in scope.  Because it is clear that plaintiff is concerned about the privacy of specific medical information referred to in his August 7 response, I will place that filing under seal.  If petitioner does not wish to have this information sealed, he may so inform the court.

With respect to his motion for a preliminary injunction, plaintiff must show that he has some chance of success on the merits of his Eighth Amendment claim and that the balance of harms favors immediate relief.  <u>Planned Parenthood of Wisconsin v. Doyle</u>, 162 F.3d 463, 473 (7th Cir. 1998).  Because plaintiff has failed to meet that standard, I must deny his motion for a preliminary injunction.


DISCUSSION

"The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it."  <u>Roland Machinery Co. v.</u>

Dresser Industries, 749 F.2d 380, 389 (7th Cir. 1984).  The standard applied to determine

whether a plaintiff is entitled to preliminary injunctive relief is well established:

> A district court must consider four factors in deciding whether a preliminary
> injunction should be granted.  These factors are: 1) whether the plaintiff has
> a reasonable likelihood of success on the merits; 2) whether the plaintiff will
> have an adequate remedy at law or will be irreparably harmed if the injunction
> does not issue; 3) whether the threatened injury to the plaintiff outweighs the
> threatened harm an injunction may inflict on defendant; and 4) whether the
> granting of a preliminary injunction will disserve the public interest.

Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989).  Thus, to obtain

a preliminary injunction, a movant must first prove that his claim has "at least some merit."

Digrugilliers v. Consolidated City of Indianapolis, 506 F.3d 612, 618 (7th Cir. 2007) (citing

Cavel International, Inc. v. Madigan, 500 F.3d 544, 547 (7th Cir. 2007)).

Petitioner brings his claim under the Eighth Amendment, which prohibits prison

officials from exhibiting deliberate indifference to a prisoner's serious medical needs.  Estelle

v. Gamble, 429 U.S. 97, 103 (1976).  This right is violated when the prisoner has a serious

medical need, a prison official is aware of that need and disregards the need by failing to take

reasonable measures to treat it.  Id.  A medical need may be serious if it is life-threatening,

carries a risk of permanent serious impairment if left untreated and results in needless pain

and suffering when treatment is withheld, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th

Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer

v. Brennan, 511 U.S. 825, 837 (1994).  "The test for deliberate indifference is a subjective

3

one:  The official must 'both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  <u>Sain v. Wood</u>, 512 F.3d 886, 894 (7th Cir. 2008) (quoting <u>Farmer</u>, 511 U.S. at 837).

In this case, plaintiff avers that Tramadol, the pain medication that defendants have given him for his complex regional pain syndrome, is causing him harmful and even life-threatening side effects.  According to information sheets on Tramadol that plaintiff has submitted in support of his motion:

> In some situations, you should not use this medicine if you are also using
> . . . medicines for depression or mental illness, or other pain medications.
> If you are using any of these, ask your doctor if you can still use tramadol.
>
> *   *   *
>
> Make sure your doctor knows if you are using digoxin (Lanoxin). . .
>
> *   *   *
>
> This medicine can increase thoughts of suicide.  . . . Make sure your caregiver
> knows if you have trouble sleeping, get upset easily, have a big increase in
> energy, or start to act reckless.  Also tell your doctor if you have sudden or
> strong feelings, such as feeling nervous, angry, restless, violent or scared.  Let
> your doctor know if you or anyone in your family has bipolar disorder (manic
> depressive) or has tried to commit suicide.

Dkt. #19, Exhs. A, B and C.  Plaintiff avers that he has bipolar disorder and a history of suicidal thoughts.  He states that since he began taking Tramadol, he has been feeling suicidal, angry, violent and restless.  He also avers that he takes Lanoxin (which is

4

contraindicated for Tramadol) for his mental illness.  Plaintiff wants to be placed back on methadone, which he had been taking for pain before transferring to the Columbia Correctional Institution in February 2007.

Although defendants appear to agree that plaintiff suffers from a serious medical condition that requires him to take some sort of pain medication, they disagree that Tramadol is harmful to plaintiff.  In opposition to plaintiff's motion, defendants submit affidavits from defendant Dr. Dalia Suliene, the prison physician, and Dr. Gary Maier, a consulting psychiatrist for the Department of Corrections, who has treated plaintiff.  Both Suliene and Maier aver that in their professional opinions, Tramadol is a proper treatment for plaintiff.

After reviewing plaintiff's medical records and evaluating plaintiff, Suliene and Maier aver that plaintiff does not have bipolar disorder and instead has a mood disorder not otherwise specified and antisocial personality disorder.  Maier also avers that plaintiff's medical records show that he is not on Lanoxin, which is used to treat heart disease, but rather on Loxapine, which is not contraindicated with Tramadol.  The doctors aver that plaintiff's behavioral problems and angry moods are attributable to his antisocial personality disorder and not Tramadol.  According to Suliene, plaintiff's medical records show that each of the four psychiatrists who examined plaintiff in the last two years, including Maier, agree that plaintiff is not suicidal.  In psychiatric sessions during the last two years, plaintiff has

5

reported frequently that he is not thinking of harming himself.  Both Suliene and Maier believe that Tramadol is a good option because it is a non-narcotic analgesic.  They state that methadone can present problems in the treatment of long-term chronic pain because the longer someone takes it, the greater the quantity needed for pain suppression.

During a July 8, 2009 session, plaintiff told Maier that Tramadol is effective for managing his pain but that he believes the medication is contraindicated in terms of his mood.  Maier avers that he told plaintiff that he could stop taking Tramadol if he thought it was causing him harm.  When plaintiff told Maier that he would have pain if he stopped taking it, Maier explained that his condition may have improved enough that he does not need to be on pain medication or that his pain situation could be reassessed and an alternate analgesic prescribed for the pain.  According to Maier, plaintiff was not interested in either of those options and stated that he wanted to continue on Tramadol.

Even though the parties dispute what mental illness plaintiff suffers from, whether he is having suicidal thoughts and the cause of his behavioral problems, plaintiff has not demonstrated that he has any likelihood of success on the merits of his claim, which is a necessary showing for any preliminary injunction.  Under the "deliberate indifference" standard, governmental officials and employees are not required to provide the specific medical care an inmate requests.  Medical providers may rely on their own professional judgment in responding to inmate requests and medical needs.  The possibility that another

6

medical professional would disagree with the provider's response does not mean that the response is evidence of deliberate indifference.

When a prisoner receives some form of medical care, he must show that the care he received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" plaintiff's serious medical condition.  Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).  Mere disagreement with a doctor's medical judgment, inadvertent error, negligence, malpractice or even gross negligence in providing treatment is insufficient to establish deliberate indifference.  Duckworth v. Ahmad, 532 F.3d 675, 680 (7th Cir. 2008) (although later tests confirmed prisoner's fears that he had cancer, neither doctor's mistaken belief that prisoner was seeing specialist nor his decision to forgo more aggressive treatment plan "raise an inference of deliberate indifference"); Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007); Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515, 518 (7th Cir. 2002).  "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'"  Sain, 512 F.3d 894-95 (quoting Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir. 1998)).  Plaintiff has not shown that defendant Suliene departed from accepted practice in giving him Tramadol instead of methadone.  Maier confirms this fact. Suliene had a reasonable medical explanation for taking plaintiff off methadone and placing him on Tramadol, a non-narcotic.  The information sheets on Tramadol indicate only that

a patient consult his doctor before using Tramadol if he suffers from mental illness, has suicidal thoughts or other behavioral changes or take other medications that are contraindicated.  Not only did Suliene consult with plaintiff, but she reviewed his medical and psychiatric history and consulted a psychiatrist, who approved of the treatment.  Even if plaintiff is suffering side effects from Tramadol, neither Suliene or Maier believes that the drug's benefits outweigh any adverse effects.  Further, Maier told plaintiff that he could stop taking Tramadol and explore other non-narcotic pain medications.  Plaintiff chose not to pursue that option.

In sum, plaintiff has failed to adduce evidence that defendants have acted with deliberate indifference to his serious medical needs when they prescribed him Tramadol instead of methadone.  Even viewing the evidence in a light most favorable to plaintiff, it does not indicate that defendant Suliene's treatment decisions for plaintiff were not based on competent medical judgment.  Accordingly, plaintiff's motion will be denied.


ORDER

IT IS ORDERED that:

1.  Plaintiff Luis Ramirez's motion for a preliminary injunction, dkt. #16, is DENIED.

2.  Plaintiff's request to keep certain medical information private, which I construe as a motion to seal, is GRANTED.  Plaintiff's response to the court's July 31 order, dkt. #24, shall be placed under seal until otherwise ordered by the court.

Entered this 31st day of August, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge