IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                  Plaintiff,                      OPINION AND ORDER

      v.                                              09-cv-314-bbc

DR. SULIENE, RICK RAEMISCH,
SANDRA SITZMAN, LORI ALSUM,
LESLIE WINSLOW-STANLEY, FAYE HART,
THOMAS SCHOENEBERG, CURTIS DELONG,
STANLEY MADAY, JR., ISAAC HART, MARK ISAACSON,
VICTOR TRIMBLE, MAURY THILL, JACOB ZIMMERMAN,
WILLIAM LEFEURE, MICKEY PAUL PAFFORD,
LUCAS WOGERNESE, and BRIAN HERBRAND,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Luis Ramirez, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has moved a third time for a preliminary injunction on his claim that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Dkt. #37. (On November 13, 2009, plaintiff identified 14 John Doe defendants as he had been told to do in the preliminary pretrial conference order. Dkt. #36. I have revised the caption accordingly.) In his motion, plaintiff asks that he be allowed to

1

wear his own shoes while in segregation and be given methadone as ordered by his neurologist. He also asks for treatment from a different physician during the course of this lawsuit.

To succeed on his motion, plaintiff must show that he has some chance of success on the merits of his Eighth Amendment claim. He must also show that he would be harmed more if the injunction was not granted than defendants would be if the injunction was granted and that the harm he would suffer would be something that could not be corrected later or compensated by the payment of money. Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). Because plaintiff has failed to meet that standard, I must deny his motion for a preliminary injunction.

## DISCUSSION

"The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." Roland Machinery Co. v. Dresser Industries, 749 F.2d 380, 389 (7th Cir. 1984). In deciding whether plaintiff is entitled to preliminary injunctive relief, I must apply this standard:

> A district court must consider four factors in deciding whether a preliminary injunction should be granted. These factors are: 1) whether the plaintiff has a reasonable likelihood of success on the merits; 2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the plaintiff outweighs the

2

>threatened harm an injunction may inflict on defendant; and 4) whether the granting of a preliminary injunction will disserve the public interest.

Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989). Thus, to obtain a preliminary injunction, a movant must first prove that his claim has "at least some merit." Digrugilliers v. Consolidated City of Indianapolis, 506 F.3d 612, 618 (7th Cir. 2007) (citing Cavel International, Inc. v. Madigan, 500 F.3d 544, 547 (7th Cir. 2007)).

Petitioner brings his claim under the Eighth Amendment, which prohibits prison officials from exhibiting deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103 (1976). This right is violated when the prisoner has a serious medical need, a prison official is aware of that need and pays no attention to the need. Id. A medical need may be serious if it is life-threatening, if it carries a risk of permanent serious impairment if it is left untreated or if it results in needless pain and suffering when it is not treated, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The test for deliberate indifference is a subjective one: The official must 'both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008) (quoting Farmer, 511 U.S. at 837).

3

Plaintiff has submitted medical records showing that he saw Dr. Nicholas Stanek, a neurologist at the University of Wisconsin Hospital and Clinics, on October 21, 2009 for left foot pain.  Dr. Stanek noted that plaintiff's neuropathy of the left medial plantar nerve is notoriously difficult to control and recommended that plaintiff take gabapentin and methadone for pain and an antidepressant, such as amitriptyline or nortriptyline.  He also recommended that plaintiff be evaluated by a podiatrist to find an orthotic that would help relieve his pain.  Dr. Stanek wrote that "[i]t is imperative that [plaintiff] have good footwear especially when he is outside and to prevent other injuries to the foot including frostbite." Dkt. #40, Exh. 2.  Plaintiff avers that Stanek told him that the footwear that he is given to wear in segregation was not "good enough."  According to plaintiff, defendant Dr. Dalia Suliene, the prison physician, refused to order him "personal" or "special shoes" and has prescribed gabapentin and nortriptyline but not methadone for him.  He avers that as a result, he remains in constant pain.  Dkt. ##39 and 40.

In opposition to plaintiff's motion, defendants have filed an affidavit from defendant Suliene.  She avers in her affidavit that she spoke with Dr. Stanek on or about October 30, 2009, that he agreed with her that she did not have to prescribe methadone unless the garbapentin and nortriptyline were ineffective on their own.  Suliene adds that on October 22, 2009, she ordered a podiatry consultation and EMG study for plaintiff and that he had both the consultation and the EMG study on November 23, 2009.  She says that she signed

4

an agreement with plaintiff dated November 9, 2009, providing that plaintiff would be prescribed narcotics once his dosages of garbapentin and nortriptyline were tapered up (increased).

Plaintiff has not demonstrated that he has any likelihood of success on the merits of his claim, which is a necessary showing for any preliminary injunction.  Under the "deliberate indifference" standard, governmental officials and employees are not required to provide the specific medical care an inmate requests.  Medical providers may rely on their own professional judgment in responding to inmate requests and medical needs.  The possibility that another medical professional would disagree with the provider's response does not mean that the response is evidence of deliberate indifference.

When a prisoner receives some form of medical care, he must show that the care he received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" plaintiff's serious medical condition.  Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).  He cannot meet his burden of showing deliberate indifference by showing that he disagrees with the doctor's medical judgment or that the doctor has committed an inadvertent error, negligence, malpractice or even gross negligence in providing treatment.  Duckworth v. Ahmad, 532 F.3d 675, 680 (7th Cir. 2008) (although later tests confirmed prisoner's fears that he had cancer, neither doctor's mistaken belief that prisoner was seeing specialist nor his decision to forgo more aggressive treatment plan "raise

5

an inference of deliberate indifference"); Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007); Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515, 518 (7th Cir. 2002). "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" Sain, 512 F.3d 894-95 (quoting Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir. 1998)). Plaintiff has not shown that defendant Suliene departed from accepted practice when she did not provide him special shoes or methadone. In fact, it appears that defendant Suliene has taken reasonable steps to address plaintiff's requests, even if the steps were not as prompt as plaintiff might have wished. Plaintiff had more testing and a referral to a podiatrist, as recommended by Dr. Stanek. It appears that Defendant Suliene has agreed to prescribe a stronger pain medication after she consulted with Dr. Stanek again.

Plaintiff has failed to provide evidence that defendants have acted with deliberate indifference to his serious medical needs. Even viewing the evidence in a light most favorable to plaintiff, I cannot say that defendant Suliene's treatment decisions for plaintiff were not based on competent medical judgment. Accordingly, plaintiff's motion for a preliminary injunction will be denied.

ORDER

IT IS ORDERED that plaintiff Luis Ramirez's motion for a preliminary injunction, dkt. #37, is DENIED.

Entered this 3rd day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7