IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS A. RAMIREZ,

        Plaintiff,                              ORDER

v.

                                                   09-cv-314-bbc

CURTIS DELONG, MARK ISAACSON
and VICTOR TRIMBLE,

        Defendants.

---

      Plaintiff Luis Ramirez is proceeding to trial on August 23, 2010 on his claim that defendants were deliberately indifferent to his pain and methadone withdrawal symptoms. Now before the court are plaintiff's motions to compel discovery, dkt. 98, and for appointment of counsel, dkt. 97.

      In his motion to compel plaintiff asks that defendants produce a list of the disciplinary actions and suspensions of defendants and a list of inmates who were in the DS-1 unit from February 7 - 14, 2007. As to his request for the disciplinary actions, plaintiff filed a request for these documents. Defendants objected to the request but also respond that none of the defendants have been disciplined for any matter involving untruthfulness. In their response, defendants elaborate that the only disciplinary action against any defendant was a disciplinary action taken against defendant Trimble for being 14 minutes late in placing a call notifying the institution that he would be out sick a day in 2004. Because defendants have provided the requested information regarding discipline, plaintiff's motion to compel a response is denied.

      Plaintiff moves to compel defendants to produce a list of inmates who were in DS-1 during the time period relevant to this action. Plaintiff has not previously requested this

information from defendants. In his motion, he says that these inmates could testify to his withdrawal symptoms. Defendants object that this testimony would not be proper.

Testimony about what other inmates saw and heard might possibly be relevant and admissible under a narrow set of circumstances; however, now it is too late for plaintiff be seeking this information for the first time. Discovery began ten months ago on September 18, 2009 and it ends on July 23, 2010, about a week from now, with witness lists due by July 26, 2010. Plaintiff did not include this request in one of the four sets of interrogatories that he served earlier. There is no way he could obtain and develop admissible evidence in the short time remaining. Therefore, plaintiff's motion to compel this information will be denied.

Second, plaintiff moves for appointment of counsel to assist him in preparing for trial and at trial. The court has denied plaintiff's two previous motions for appointment of counsel. On July 15, 2009, Judge Crabb denied his first motion, finding that plaintiff was capable of prosecuting this case himself. Dkt. 12. On September 22, 2009, Judge Crabb denied plaintiff's second motion, again finding that he was capable of representing himself. Dkt, 35. In his renewed motion for appointment of counsel, plaintiff says that he needs counsel to obtain discovery and to conduct the trial. In deciding this motion, the court must consider both the complexity of the case and the plaintiff's ability to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

This case is relatively simple. The issue in this case has been narrowed to whether defendants Isaacson, Trimble and Delong were deliberately indifferent to plaintiff's methadone withdrawal symptoms and pain during a three-day period. Plaintiff knows what his symptoms

were and what he told the defendants during this period and he is capable of telling these things to a jury.

Second, so far plaintiff has represented himself quite well.  His response to defendants' motion for summary judgment, and his other pleadings submitted to the court show that he has a better understanding of legal proceedings than most pro se litigants.  Moreover, at the pretrial conference, the court gave plaintiff its procedure for calling witnesses, which was written for the very purpose of helping pro se litigants understand how to proceed to trial.

Although plaintiff asserts that he needs an attorney to help him with discovery, he has conducted extensive discovery and as noted above, discovery is essentially over.  Plaintiff contends that he needs counsel at trial for the voir dire of the jury, to question the witnesses and to question the plaintiff.  Plaintiff will be able to present his testimony in a narrative fashion at trial.  Under oath, he will be able to present the facts concerning his claims.  He can prepare his testimony beforehand so that he know what he wants to convey on the witness stand.  The court conducts voir dire and plaintiff will be given an opportunity to strike jurors.  In addition, plaintiff will be allowed to question witnesses.  On June 25, 2010, plaintiff was provided a copy of this court's trial preparation order, which explains the procedures to him.  In sum, I am persuaded from plaintiff's prosecution of this case so far that he is capable of representing himself at trial.  Therefore, his motion for appointment of counsel will be denied.

ORDER

IT IS ORDERED that :

1. Plaintiff's motion to compel discovery, dkt. 98, is DENIED,

2. Plaintiff's motion for appointment of counsel, dkt. 97, is DENIED.

Entered this 14th day of July, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge