IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                Plaintiff,                              ORDER

      v.                                         09-cv-314-bbc

CURTIS DELONG, MARK ISAACSON
and VICTOR TRIMBLE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case is scheduled for trial on August 23, 2010. Plaintiff Luis Ramirez, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has filed a motion in limine, asking to be allowed to wear street clothes at his trial, that he and the other prisoner witnesses be placed in general population in the Dane County jail during the trial and that he be allowed to bring personal hygiene products and his medication to the jail. Dkt. #126. (Plaintiff's other requests in his motion in limine will be addressed at the final pretrial hearing after defendants have had an opportunity to respond on August 12, 2010.)

      The Supreme Court has held that defendants in criminal trials have a constitutional right to wear non-prison clothing. Estelle v. Williams, 425 U.S. 501, 504 (1976). One of

1

the rationales for the holding is that prison garb impairs the presumption "so basic to the adversary system" that a person is innocent until proven guilty. In addition, the Court found that "compelling an accused to wear jail clothing furthers no essential state policy." Id. at 505. Of course, the relevant considerations in a civil trial involving a convicted prisoner are significantly different. Prisoners do not have a constitutional right to wear particular clothing in civil trials. In fact, they do not have a constitutional right to be present at their trial in all instances. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 2006). Further, both the interests at stake for the prisoner and the potential prejudice are less serious in a civil trial.

This is not to say that a prisoner has no interest in appearing in street clothes in a civil case, particularly in a jury trial. Although it is true that jurors will know that the plaintiff is incarcerated, it is also true that jurors in a criminal case know that the defendants are accused of a crime. Nevertheless, in Estelle, 425 U.S. at 504-05, the Court recognized that a "constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." See also Deck v. Missouri, 544 U.S. 622, 632-33 (2005) (holding that visible shackles may not be used during penalty phase of capital case without particularized showing of need for them, even though jury already knows that defendant has been convicted of violent crime). The same is true in civil cases. Even when the plaintiff's status as a prisoner is known, the infamous orange jump suit may have an

2

important, if subtle, effect on the way a juror perceives the plaintiff, serving as a "constant reminder" that the prisoner is in a different class from the other litigants and suggesting he is entitled to less respect. Further, it is a widely held belief that presentation does matter. The way one dresses may help to make a favorable impression on others as well as heighten one's own self- confidence and performance. Leslie L. Davis, Social Cognition and the Study of Human Behavior, Journal of Social Behavior and Personality, Vol. 16, 175-86 (1988) ("[T]he research indicates that the way a person is dressed does indeed affect the first impressions made of that person."). Especially in the context of the courtroom, where lawyers and parties are admonished to dress in a manner that shows respect for the court and the jury, it would be disingenuous to suggest that a party's attire can have no influence on a juror's assessment of that party.

Of course, the prisoner's interest in a fair trial is not the only consideration. Questions of security always loom large in any case arising in the prison context. Even in a criminal trial, the Supreme Court has held that restraining or even gagging a defendant might be constitutionally permissible if the defendant is excessively disruptive. Illinois v. Allen, 397 U.S. 337 (1970). Therefore, in order to consider plaintiff's requests properly in advance of trial, I will give defendants until August 5, 2010 to respond with any objections that they may have to plaintiff's request to wear street clothes at trial.

3

Plaintiff's other requests, that he be placed in general population in the Dane County jail during the trial and allowed to bring personal hygiene products and medication to the jail, will be denied. It is up to the transporting officers and the jail authorities to determine where plaintiff will be housed and what he may bring with him.

ORDER

IT IS ORDERED that defendants have until August 5, 2010 within which to respond to plaintiff Luis Ramirez's request to wear street clothes at trial. FURTHER, IT IS ORDERED that plaintiff's requests that he and the other prisoner witnesses be placed in general population in the Dane County jail during the trial and that he be allowed to bring personal hygiene products and his medication to the jail, dkt. #126, are DENIED.

Entered this 29th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge