IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                Plaintiff,                            ORDER

       v.                                      09-cv-314-bbc

CURTIS DELONG, MARK ISAACSON
and VICTOR TRIMBLE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 28, 2010, I denied plaintiff Luis Ramirez's petitions for writs of habeas corpus ad testificandum for incarcerated witnesses Albert Schlueter, Randall Weber, Nathan Gillis, Shaun Matz, Damien Green, Julian Andersen, LaMont Walker, Benjamin Biese, William McDougal, Darrin Gruenberg, Arturo Melendez, Eric Check, Damond Cox, Marx David, Dewayne Cox, Victor Jackson, Daniel Scheeler, Daniel Schleicher and Henry Hosch. Dkt. #141. Plaintiff has now moved for reconsideration of that order, asserting that I misunderstood the relevancy of some of the proposed witness testimony and that he has not been able to speak with his proposed witnesses to obtain information necessary to support his petitions. Dkt. #158.

1

Initially, I understood that plaintiff wanted to call witnesses McDougal, David and Damond Cox to testify about the lack of response that they allegedly observed while plaintiff was going through withdrawal. Because there was evidence that these three witnesses were not housed with plaintiff in the DS-1 unit of Columbia Correctional Institution at any point during between the relevant time period from February 7 to 14, 2007, I denied plaintiff's request. In his motion for reconsideration, plaintiff contends that these witnesses were not present when he was going through withdrawal but instead "recently . . . kicked and yelled for over an hour" when he was experiencing a panic attack and no one came to help. However, testimony about a recent event involving unnamed prison staff is too removed from defendants' alleged lack of response to plaintiff's withdrawal symptoms in February 2007 to be relevant.

Similarly, plaintiff sought to call witnesses Jackson and Hosch to testify about how they have observed correctional officers ignore and make jokes about inmates' requests for medical assistance on DS-1. He also sought to have witness Biese testify that unnamed prison staff ignored his own requests for medical assistance, causing him to undergo kidney failure. I denied plaintiff's requests because he failed to show whether defendants were involved in these incidents and whether the incidents were of recent vintage and not sufficiently similar to the events in February 2007 to be relevant. Plaintiff provides no further detail in his motion for reconsideration, explaining that he has been as clear as he can

2

be without having the opportunity to speak with these witnesses. Although plaintiff may not have been granted permission to speak in person with his potential witnesses, he could have written them a letter at any point during the litigation of his case to obtain the necessary information. In a preliminary pretrial conference order entered on September 18, 2009, the court advised the parties of the deadlines and procedures for calling witnesses at trial. Attached to that order was a document explaining the information necessary for filing a petition for a writ of habeas corpus ad testificandum. Id. at 35. Therefore, at an early stage, plaintiff was made well aware of the information he needed from his witnesses and should have planned accordingly. Without more detailed information about the incidents that the witnesses observed, the court cannot determine whether issuing a writ is appropriate.

Finally, I denied plaintiff's request to call Dewayne Cox to testify about plaintiff's withdrawal symptoms because plaintiff did not provide sufficient details concerning the exact date, location, context and description of the events that Cox allegedly witnessed. Plaintiff now explains that Cox saw him vomit on February 8, 2007 and then told defendants Isaacson and DeLong about it. Given this additional information, I will grant plaintiff's petition for a writ of habeas corpus ad testificandum for Dewayne Cox.

ORDER

IT IS ORDERED that plaintiff Luis Ramirez's motion for reconsideration, dkt. #158,

is GRANTED only with respect to witness Dewayne Cox. The Clerk of Court is directed to issue a writ of habeas corpus ad testificandum for the attendance of Cox at the trial beginning on August 23, 2010. Cox should arrive at the courthouse no later than 8:00 a.m. on August 23, 2010.

Entered this 6th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge