IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                  Plaintiff,                                        ORDER

        v.                                                       09-cv-314-bbc

CURTIS DELONG, MARK ISAACSON
and VICTOR TRIMBLE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case is scheduled for trial on August 23, 2010 on plaintiff Luis Ramirez's claim that defendants violated his Eighth Amendment rights by disregarding symptoms he suffered as a result of methadone withdrawal. Plaintiff is proceeding pro se. Now before the court is a motion in which plaintiff renews his request for permission to speak with his witnesses. Initially, I denied the motion as moot because I had denied each of plaintiff's requests to bring several incarcerated witnesses to trial. Dkt. #159. However, I later granted in part plaintiff's motion for reconsideration and issued a writ of habeas corpus ad testificandum for incarcerated witness Dwayne Cox. Dkt. ##160 and 164. Thus, plaintiff's motion to speak with his witnesses is no longer moot.

1

It is understandable that plaintiff would like to prepare his witnesses before trial. As plaintiff points out, that is something most lawyers do as a matter of course. Unfortunately, plaintiff's and his witness's status as incarcerated persons necessarily means that many aspects of litigation are more difficult to accomplish. Lawyers and unincarcerated litigants are able to speak with their witnesses more freely not because of a court order, but because they have no inherent restraints on their movement. Because plaintiff is a prisoner, it is ultimately plaintiff's custodian who has the authority and obligation to determine the extent to which plaintiff may interact with other prisoners.

It is not clear whether plaintiff has asked the warden for permission to speak with Mr. Cox (who happens to be incarcerated at the same prison as plaintiff). In the absence of any particular security concerns, the warden could view a request for a short meeting as a reasonable request. However, even if plaintiff has made such a request and the warden denied it, other options are likely available. For example, plaintiff does not suggest that prison officials have prohibited plaintiff from exchanging correspondence with Mr. Cox. Thus, if there are particular matters plaintiff would like to discuss with Mr. Cox, plaintiff is free to do that in writing.

ORDER

IT IS ORDERED that plaintiff Luis Ramirez's renewed motion to speak with his

2

witness, dkt. #166, is DENIED.

Entered this 12th day of August, 2010.

                                                          BY THE COURT:
                                                          /s/
                                                          BARBARA B. CRABB
                                                          District Judge